per curiam:
Nuevamente nos encontramos en la necesi-dad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su reiterado incumpli-miento con los requerimientos de este Tribunal. Este caso ilustra diáfanamente como, a pesar de todas las oportuni-dades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una falta que, muy bien, pudo haberse evitado.
I
El pasado 6 de diciembre de 2006, la Secretaría del Tribunal Supremo le notificó al Sr. César Rosado Ramos, quien fuera admitido al ejercicio de la abogacía el 26 de noviembre de 1997, una Resolución en la que se le concedía un término de veinte días para contestar un Informe del Procurador General relacionado con una queja presentada en su contra. No obstante, Rosado Ramos no compareció durante el término concedido.
Posteriormente, el 11 de abril de 2007 le remitimos a Rosado Ramos una segunda notificación mediante la cual se le concedió un término adicional de diez días para con-testar el referido Informe del Procurador General. En esa ocasión se le advirtió que el incumplimiento con lo orde-nado podía conllevar sanciones severas, incluyendo la sus-pensión del ejercicio de la profesión. Esta Resolución se le notificó a Rosado Ramos mediante entrega personal reali-zada por un alguacil del Tribunal el 27 de abril de 2007. *402 Sin embargo, Rosado Ramos tampoco compareció dentro del término provisto.
En vista de lo anterior, procedemos a resolver sin trá-mite ulterior.
i — I HH
En reiteradas ocasiones hemos enfatizado que todo abo-gado tiene la obligación ineludible de responder diligente-mente a los requerimientos de este Tribunal, particular-mente cuando se trata de procedimientos sobre su conducta profesional. Más aún, hemos señalado que pro-cede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente a los apercibimientos de sancio-nes disciplinarias. In re Lloréns Sar, 170 D.P.R. 198 (2007). Debe quedar claro que dicha conducta constituye una vio-lación al Canon 9 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 9, relativo a la exigencia de respecto hacia los tribunales y que, por lo tanto, configura una falta independiente a los méritos de la queja presentada. In re Colón Rivera, 170 D.P.R. 440 (2007).
¡-H f — ! I — i
En el caso de autos, Rosado Ramos incumplió con su deber de responder oportunamente a los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, éste se ha mostrado indiferente a nuestras órdenes y ha hecho caso omiso a éstas. Incluso, se ha mostrado renuente a cumplir con nuestros requerimientos a pesar de habér-sele advertido de la posible imposición de sanciones disciplinarias.
En vista de lo anterior, se suspende inmediata e indefi-nidamente del ejercicio de la abogacía y la notaría a Ro-sado Ramos. Se le impone el deber de notificar a todos sus *403 clientes de su inhabilidad para continuar representándo-los, devolverles cualesquiera honorarios recibidos por tra-bajos no realizados e informar oportunamente de su sus-pensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.
Finalmente, el Alguacil de este Tribunal debe incautar la obra y el sello notarial de Rosado Ramos y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

Los Jueces Asociados Señores Rebollo López y Fuster Berlingeri no intervinieron.